UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GREENSTREAK GROUP, INC., | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | |
| vs. | ) | No. 4:07CV2099-DJS |
| | ) | |
| P.N.A. CONSTRUCTION TECHNOLOGIES, INC., | ) ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |

### ORDER

The parties disagree as to one provision of a proposed protective order governing the parties' handling of confidential information disclosed in the course of this action. The dispute is now before the Court in the form of cross-motions advocating the parties' positions as to the inclusion or omission of the disputed provision.

Plaintiff Greenstreak seeks language restricting attorneys to whom a defined category of "Restricted Confidential" information is disclosed from participating in the prosecution of any patent "relating to the same general subject matter" until one year after the conclusion of the litigation. The parties agree that central to the appropriateness of such a patent prosecution restriction is a showing by the movant that opposing counsel is involved with the client's "competitive decisionmaking." The phrase derives from the Federal Circuit's opinion in U.S. Steel

Corporation v. United States, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984):

> The parties have referred to involvement in "competitive decisionmaking" as a basis for denial of access. The phrase would appear serviceable as shorthand for a counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor.

Having a further occasion to interpret the term in 1991, the Federal Circuit stated that the standard is not counsel's regular contact with a client's competitive decisionmakers, but the attorney's own "advice and participation" in such decisionmaking. Matsushita Electric Industrial Co., Ltd. v. United States, 929 F.2d 1577, 1580 (Fed.Cir. 1991). In a more recent decision applying the analysis in the patent context, the Federal Circuit has said that denying counsel access "on the ground that they also prosecute patents" for the client "is the type of generalization counseled against in U.S. Steel." In re Sibia Neurosciences, Inc., 132 F.3d 50, *3, 1997 WL 688174 (Fed.Cir. 1997).

Accordingly, to support counsel's exclusion from patent prosecution, movant argues that defendant P.N.A.'s counsel is involved in "competitive decisionmaking." The Court finds movant's proffered examples of such involvement unpersuasive. That attorneys who serve as patent counsel to P.N.A. have participated in decisions as to the scope of patent claims, the amendment of patent applications and representations to the Patent Office is to

be expected.  In the Court's view, and as Sibia suggests, such involvement does not fall within the same species of competitive business decisions that the Federal Circuit exemplified with "pricing" and "product design."  Making its decision here on the record and circumstances before it, this Court notes its disinclination to join the line of cases typified by (and often denoted with) Motorola, Inc. v. Interdigital Technology Corp., 1994 WL 16189689 (D.Del. Dec. 19, 1994).  Instead, as did the district court in Avocent Redmond Corp. v. Rose Electronics, Inc., et al., 242 F.R.D. 574, 579 (W.D.Wash. 2007), this Court concludes that movants have not demonstrated that opposing counsel engage in "competitive decisionmaking" and further that the exclusion sought would work a hardship on defendant in view of its longtime representation by the counsel in question as both patent counsel and litigation counsel.

Therefore,

**IT IS HEREBY ORDERED** that plaintiff Greenstreak Group, Inc.'s motion for protective order [Doc. #63] is denied.

**IT IS FURTHER ORDERED** that defendant P.N.A. Construction Technologies, Inc.'s cross-motion for protective order [Doc. #66] is granted.

**IT IS FURTHER ORDERED** that defendant's proposed confidential information protective order filed as Attachment #1 to its combined memorandum [Doc. #67-2] is approved by the Court

subject to the following limitations. By its approval of the proposed protective order, the Court in no way limits its authority and discretion to determine the following: (1) in each instance in which a party desires to file any material with the Court under seal, whether or not to permit the material to be filed under seal; (2) the extent to which any confidentiality considerations shall in any way govern the use of any material in any proceedings before the Court; and (3) the disposition of sealed Court filings before or after termination of these proceedings. Any and all provisions of the proposed protective order which conflict with these limitations are disapproved to the extent that they so conflict.

**IT IS FURTHER ORDERED** that any motion relating to the protective order shall be subject to the requirements of E.D.Mo. L.R. 3.04(A).

Dated this ___19th___ day of June, 2008.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE